IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

Petition for Habeas Corpus under 28 USCS §2254

Andre D. Bailey, Appellate, Petitioner

VS.

Joel Hrabe, Warden, Norton Correctional Facility
State of Kansas
Sedgwick County Kansas, et.al.

Case number    18-3071-SAC

From:
Sedgwick county Kansas case Number 2008 CR 137
Kansas Court of Appeals
KANSAS SUPREME COURT
12-CV-3626
14-CV-3626
114,844

Presented by:
Andre D. Bailey, 92914
Norton correctional Facility
P.O. BOX 546
Norton, Kansas 6754-0546

## TABLE OF CONTENTS

Entry of appearance..................................................
Motion to proceed in forma pauperis..................................
Application to proceed without prepayment of fees
and affidavit by prisoner............................................
Banking Statment, Ks D.O.C. .........................................
Motion for leave to file out of time......................(4) pages
Petition under 28 USCS § 2254, Habeas Corpus ........................
Supplemental Brief in support........................................

   (cited arguments)

Standard of review,..........................................pages 3-4
In re long, 244 Kan.719(1989)................................page 4
State v. Woodward, 103,555(Kan. 2011) (unpublished)..........page 5
In re Marriage of Soden, 251 Kan. 225(1992).................page 5
State v. Perez, 292 Kan. 785(2011)..........................page 5
In re Colorado Interstate Gas CO, 276 Kan. 672(2003).......page 5
State v. Eddy, 299 Kan. 29(2014)............................page 5
Robertson v. State, 288 Kan. 217(2009)......................page 5
Noel v. Menninger Foundation, 175 Kan. 751(1954)............page 6
Murphy v. Nelson, 260 Kan. 589(1996)........................page 6
State v. Mitchell, 234 Kan. 185(1983).......................page 6
City Of Overland Park v. Niewald, 20. Kan.App.2d 909(1995).page 6
In re marriage of case, 18 Kan.App.2d 457(1993).............page 6
Van Sickle v. Shanahan, 212 Kan. 426(1973)..................page 6
State v. Dedman, 230 Kan.793(1982)..........................page 7
State v. Seward, 289 Kan. 715(2009).........................page 7
State v. Moncla, 269 Kan. 61(2002)..........................page 7
Harris v. state, 31 Kan.App.2d 237(2003)....................page 7
Moll v. State, 41 Kan.App.2d 677(2009)......................page 7
Merrillis v. State, No. 110,409(Kan.App.2015)(unpublished.. pg. 7
Robinsion v. State, No.111,923(Kan.App.2016)(unpublished).. pg. 7
Chamberlin v. state, 236 Kan. 650(1985).....................page 8
Wilkens v. State, 286 Kan. 971(2008)........................page 8
State v. Cordray, 277 Kan. 43(2004).........................page 9
State v. Berry, 292 Kan. 493(2011)..........................page 9
State v. Tahah, 293 Kan. 267(2011)..........................page 9
Laymon v. State, 280 Kan.430(2005)..........................page 10
State v. Kunellis, 276 Kan. 461(2003).......................page 10
State v. Daws, No. 108,716(Kan.App.2016)....................page 11
State v. Phillips, 295 Kan. 929(2012).......................page 11
State v. Kaesontae, 260 Kan.386(1996).......................page 11
State v. Bradley, 233 Kan.710(1978).........................page 12
State v. Hendrix, 289 Kan. 859(2009)........................page 12
State v. McIver, 257 Kan. 420(1995).........................page 12
People v. Serrano, 676 N.E.2d.1011(Ill.App.1997)............page 12
People v. Getter, 26 N.E..3d 391(Ill.App.2015)..............page 12
People v. Gallagher, 980 N.E.2d 140(Ill.App.2012)...........page 12
People v. Gonzalez, 895 N.E.2d 982(Ill.App.2008)............page 12
Pearson v. State, 454 S.E.2d 205(Ga.App.1995)...............page 13
Riddle v. State, 418 S.E.2d 308(S.C.1992)...................page 13
Watrous v. State, 842 S.W.2d 792(Tex.App.1992)..............page 13
People v. Jaffe, 493 N.E.2d 600(Ill.App.1986)...............page 13
State v. Edgar, 281 Kan. 47(2006)...........................page 13

State v. Crumm, 232 Kan. 254(1982)..........................page 14
State v. Lashley, 233 kan. 620(1983).........................page 14
Edgar v. State, 294 Kan. 828(2012)...........................page 15
Thompson v. State, 293 Kan. 704(2011)........................page 15
In re Care Treatment of Ontiberos, 295 Kan. 10(2012).........page 15
Bledsoe v. State, 283 Kan. 81(2007)..........................page 15
Ullmann v. United States, 350 U.S. 422(1956).................page 15
Snyder v. Massichusetts, 291 U.S. 97(1934)...................page 16
Rushen v. Spain, 464 U.S. 114(1983)..........................page 16
Rogers v. United States, 422 U.S. 35(1975)...................page 16
United States v. Schor, 418(1969)............................page 16
Bell v. cone, 535 U.S. 685(2002).............................page 17
State v. Sanchez, 281(2012)..................................page 17
Illonois v. Allen, 397 U.S. 915(1970)........................page 17
Kentucky v. Stincer,  482 U.S. 730(1987).....................page 17
Crease v. State, 252 Kan. 326(1993)..........................page 17
State v. Garcia, 233 Kan. 589(1983)..........................page 17
Neder v. United States, 527 U.S. 1...........................page 17
United States v. Welbek, 145(2d Cir. 1998)...................page 18
Shuler v. United States, 98 (D.C. 2014)......................page 18
State v. Rollins, 46 Kan.App.2d 17(2011).....................page 18
State v. Daniels, 278 Kan.53(2004)...........................page 18
State v. Shumway, 30 Kan.App.2d 836(2002)....................page 18
State v. Swanigan, 279 Kan. 18...............................page 19
State v. Stone, 291 Kan.13(2010).............................page 19
Webb v. Texas, 409 U.S. 95(1972).............................page 19
People v.Enos, 168 Mich.App.490(1988)........................page 20
People v. Rosales, 160 Mich.App.304(1987)....................page 20
State v. Eby, 296 Or. 63(1983)...............................page 20
State v. Elnicki, 279 Kan. 47(2005)..........................page 20
Haddock v. State, 282 Kan. 475(2006).........................page 20

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District District of Kansas |
|---|---|
| Name (under which you were convicted): Andre D. Bailey | Docket or Case No.: 14-CV-3626 |
| Place of Confinement: Norton Correctional Facility | Prisoner No.: 92914 |
| Petitioner (include the name under which you were convicted) Andre D. Bailey       v. | Respondent (authorized person having custody of petitioner) Joel Harabe, Warden, N.C.F. state of Kansas, et.al. |
| The Attorney General of the State of | Derek Schmidt, A.G. |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Sedgwick County, Kansas, 18th Judicial District

    located in Wichita, Kansas

    (b) Criminal docket or case number (if you know): 2008 CR 137

2. (a) Date of the judgment of conviction (if you know): Sept. 12, 2008

    (b) Date of sentencing: Oct. 9, 2008

3. Length of sentence: controlling term life (20yrs) plus 59 months

4. In this case, were you convicted on more than one count or of more than one crime?   Yes ☒   No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: Felony murder, aggravated robbery(2x), aggravated burglary(2x) criminal

    discharge of a firearm at a occupied dwelling, possesion of marijuana with intent to sell, no tax stamp

6. (a) What was your plea? (Check one)

    (1)  Not guilty ☒         (3) Nolo contendere (no contest) ☐

    (2)  Guilty ☐             (4) Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __N/A__

(c) If you went to trial, what kind of trial did you have? (Check one)

    Jury ☒      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?

    Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: __Kansas Court of Appeals__
(b) Docket or case number (if you know): __09-101785__
(c) Result: __affirmed__
(d) Date of result (if you know): __July 15, 2011__
(e) Citation to the case (if you know): __State v. Bailey, 292 Kan. 449, 255 P.3d 19.__
(f) Grounds raised: __Authorization for prosecution as adult, felony murder underlying felonies instruction, deficient and ineffective, co-defendants refused to testify after pleading 5th ammendment, failure to define attempt in instructing.__

(g) Did you seek further review by a higher state court? Yes ☒ No ☐

If yes, answer the following:

(1) Name of court: __Kansas Supreme Court__
(2) Docket or case number (if you know): __09-101785__
(3) Result: __affirmed__

(4) Date of result (if you know): __October 14, 2011__
(5) Citation to the case (if you know): __State v. Bailey 292 Kan. 449, 255 P.3d 19 2011__
(6) Grounds raised: __same as above__

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐ No ☒

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Sedgwick County, 18th Judicial Court (civil)

(2) Docket or case number (if you know): 12-CV-3626

(3) Date of filing (if you know): October 11, 2012

(4) Nature of the proceeding: K.S.A. 60-1507 and ammended

(5) Grounds raised: ineffective assistance of counsel both trial and direct, Trial counsel failed to instruct on theory of defense that underlying felonies were completed by law same grounds as direct. prosectorial misconduct vouching and statements during closing arguments, off-the-record discussion. failure to supress statments and evidence seized.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☒ No ☐

(7) Result: denied

(8) Date of result (if you know): April 17, 2015

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Sedgwick County, 18th Judicial Court (civil)

(2) Docket or case number (if you know): 12-CV-3626

(3) Date of filing (if you know): April 21st and April 23rd 2015

(4) Nature of the proceeding: objection to findings/Alter or amend invoking rule 165

(5) Grounds raised: court adopting states findings as it's own as being highly suspect/ district court must make sufficient findings and conclusions of law for each argument for

meaningful review pursuant to Supreme rule 165.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ☒ No ☐

(7) Result: __denied__

(8) Date of result (if you know): __May 1st, 2015__

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: __Kansas Court of Appeals__

(2) Docket or case number (if you know): __14-CV-3626__

(3) Date of filing (if you know): __May 1st, 2017__

(4) Nature of the proceeding: __Appeal of 60-1507__

(5) Grounds raised: __Same as 60-1507__

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ☐ No ☒

(7) Result: __denied__

(8) Date of result (if you know): __October 27th, 2017__

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    Yes ☒ No ☐

    (2) Second petition:    Yes ☒ No ☐

    (3) Third petition:    Yes ☒ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Ineffective assistance of trial counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Failure to object on refusal to instructon reckless second-degree as lesser, failure to give instruction on defense, failure to obfect to state calling co-defendants to testify after they invoked the 5th amendment, failure to supress statements made involuntary, failure to object to prosecutor vouching for witnesses, failure to object to prosecutorial misconduct; failure to object to off-the-record discussion.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) Direct Appeal of Ground One:

  (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☒  No ☐

  (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) Post-Conviction Proceedings:

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   Yes ☒  No ☐

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: K.S.A. 60-1507

  Name and location of the court where the motion or petition was filed: Sedgwick county 18th Judicial District Court (civil)

  Docket or case number (if you know): 12-CV-3626

  Date of the court's decision: April 17, 2015

Result (attach a copy of the court's opinion or order, if available): denied

(3) Did you receive a hearing on your motion or petition?
Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: Kansas court of Appeals

Docket or case number (if you know): 14-CV-3626
Date of the court's decision: March 31, 2017
Result (attach a copy of the court's opinion or order, if available): denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

GROUND TWO: Ineffective assistance of appellate counsel (direct)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Failure to instruct on reckless second degree, failure to raise prosecutorial misconduct on direct, failure to raise district court answering a crucial jury question outside the presence of the appellate.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☒ No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☒ No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: K.S.A. 60-1507

    Name and location of the court where the motion or petition was filed: Sedgwick county, 18th Judicial District Court (civil)

    Docket or case number (if you know): 12-CV-3626

    Date of the court's decision: April 17, 2015

    Result (attach a copy of the court's opinion or order, if available): denied

    (3) Did you receive a hearing on your motion or petition?

        Yes ☒ No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☒ No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☒ No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Kansas Court Of Appeals

    Docket or case number (if you know): 14-CV-3626

    Date of the court's decision: March 31, 2017

    Result (attach a copy of the court's opinion or order, if available): denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

GROUND THREE: Off-the-record discussion

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
During deliberations the jury sent a question out asking "can we consider a second degree murder charge? and if no, what is the diffrence between first degree and second degree murder?"

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: K.S.A. 60-1507

Name and location of the court where the motion or petition was filed: Sedgwick County, 18th Judicial District Court (civil)

Docket or case number (if you know): 12-CV-3626
Date of the court's decision: April 17, 2015
Result (attach a copy of the court's opinion or order, if available): denied

(3) Did you receive a hearing on your motion or petition?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: Kansas Court Of Appeals

Docket or case number (if you know): 14-CV-3626
Date of the court's decision: March 31, 2017
Result (attach a copy of the court's opinion or order, if available): denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** Prosecutorial misconduct

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Prosecutor commited misconduct during closing arguments by misstating Kansas law, Prosecutor commited misconduct by vouching for states witnesses.

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

(c) **Direct Appeal of Ground Four:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ☒ No ☐

  (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

  Yes ☒ No ☐

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: K.S.A. 60-1507

  Name and location of the court where the motion or petition was filed: Sedgwick county, 18th Judicial District Court (civil)

  Docket or case number (if you know): 12-CV-3626

  Date of the court's decision: April 17, 2015

  Result (attach a copy of the court's opinion or order, if available): denied

  (3) Did you receive a hearing on your motion or petition?

  Yes ☒ No ☐

  (4) Did you appeal from the denial of your motion or petition?

  Yes ☒ No ☐

  (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

  Yes ☒ No ☐

  (6) If your answer to Question (d)(4) is "Yes," state:

  Name and location of the court where the appeal was filed: Kansas Court Of Appeals

  Docket or case number (if you know): 14-CV-3626

  Date of the court's decision: March 31, 2017

  Result (attach a copy of the court's opinion or order, if available): denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____
_____
_____

13. **EXHAUSTION** - Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☒  No ☐
   
   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____
_____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____
_____

14. **SUCCESSIVE APPLICATIONS** - Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☐  No ☒
   
   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____
_____
_____
_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Julia Craft (juvenile)

    (b) At arraignment and plea: Julia Craft (juvenile)

    (c) At trial: Terry Beall, Allied building Suite 150, 355 N. waco Wichita, KS 67207

    (d) At sentencing: Terry Beall same as above

    (e) On appeal: Michael Whalen, 6235 w. Kellogg, Wichita, KS 67209

    (f) In any post-conviction proceeding: Richard Ney, 200 n. Broadway, Suite 300, Wichita, KS 67202

    (g) On appeal from any ruling against you in a post-conviction proceeding: Kristen B. Patty P.O. BOX 3545 Wichita, KS

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner has affixed a motin to this Habeas Corpus filing, Please find attached motion entitled: "Motion for leave to file out of time" for full and complete reason which shows in detail an exceptional circumstance explaining the reason for a need to file this action out of time.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 15

Therefore, petitioner asks that the Court grant the following relief: reverse conviction and remand for a new trial to the District Court with any direction deemed proper and correct by this court.
or any other relief to which petitioner may be entitled.

N/A Pro-Se filing
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison ~~mailing system on~~ electronic filing 3/22/18 _____ (month, date, year).

Executed (signed) on 3/22/18 (date).

_____
Signature of Petitioner
Andre D. Bailey

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. N/A

Signed before me on
March 22, 2018

*****
JUSTIN CHARLES BACKMAN
Notary Public - State of Kansas
My Appt. Expires 10·14·2021