IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANDRE D. BAILEY,**

                **Petitioner,**

    v.                                       **CASE NO. 18-3071-SAC**

**JOEL HRABE,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and enters the following order.

**Background**

Petitioner was convicted in the District Court of Sedgwick County of one count of felony-murder, two counts of aggravated robbery, one count of criminal discharge of a firearm at an occupied building, one count of possession of marijuana with intent to sell, and one count of no tax stamp. *State v. Bailey*, 255 P.3d 19 (Kan. 2011).

On October 11, 2012, petitioner filed a state-postconviction motion under K.S.A. 60-1507. The state district court denied relief, but the Kansas Court of Appeals reversed the convictions of possession of marijuana with intent to sell and no tax stamp. *Bailey v. State*, 392 P.3d 566 (Table), 2017 WL 1197240 (Kan.App. Mar. 31, 2017), *rev. denied* Oct. 27, 2017.

Petitioner filed his federal application for habeas corpus on March 23, 2018.

## Discussion

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In addition, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently

pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id*.

Here, the Kansas Supreme Court entered its final ruling denying a motion for rehearing in petitioner's direct appeal on October 7, 2011[1], and the limitation period began to run ninety days later, upon the expiration of the time for seeking review in the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001)(holding limitation period in § 2244(d) begins to run upon denial of certiorari review by the U.S. Supreme Court, or, where no petition for certiorari is filed, after the 90-day time for filing for such review expires).

---

[1] Under the Rules of the Supreme Court of the United States, the time for filing a petition for certiorari "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate….But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari … runs from the date of the denial of rehearing, or, if rehearing is granted, the subsequent entry of judgment." U.S. Sup. Ct. R. 13(3).

The limitation period began to run on January 6, 2012, and ran until October 11, 2012, when petitioner filed his state court action under K.S.A. 60-1507, tolling the statute after 278 days with 87 days remaining.

The limitation period remained tolled until the Kansas Supreme Court denied review in petitioner's post-conviction action on October 27, 2017, and ran from October 28, 2017, through January 22, 2018, when it expired.

Therefore, petitioner's March 23, 2018, filing was not made within the limitation period, and unless tolling applies, this matter must be dismissed.

Petitioner contends that he is entitled to equitable tolling because his post-conviction counsel did not notify him of the Kansas Supreme Court action denying review in his state post-conviction action until her letter of December 1, 2017 (Doc. #3, p. 3). However, that letter was written approximately seven weeks before the limitation period expired on January 22, 2018. On these facts, the Court concludes that the conduct of counsel was not egregious and did not create circumstances that prevented petitioner from timely filing his federal petition. Petitioner is not entitled to equitable tolling, and this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. #4) is granted.

IT IS FURTHER ORDERED this matter is dismissed as time-barred.

IT IS FURTHER ORDERED petitioner's motion for leave to file out

of time (Doc. #3) is denied.

**IT IS SO ORDERED.**

DATED:  This 29th day of March, 2018, at Topeka, Kansas.

                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge